**CODISPOTI & ASSOCIATES, P.C.**
Bruno F. Codispoti, Esq.
81 Court Street, 5th Floor
Brooklyn, NY 11201
212-962-6525

**Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CANON MEDICAL SYSTEMS USA, INC. | ) |
| | ) |
| Plaintiff, | ) Case No. 1:24-cv-1791 |
| | ) |
| v. | ) |
| | ) |
| PARKHILL IMAGING, LLC D/B/A | ) |
| PARKHILL IMAGING ADDISON; | ) |
| PARKHILL IMAGING CLEARFORK, | ) |
| LLC, MICHAEL J. BIAVATI, ANTHONY | ) |
| RIELA, GLEN R. WYANT, STAN DAVIS | ) |
| a/k/a STANLEY L. DAVIS; JOHN AND JANE | ) |
| DOES 1-12, and XYZ COMPANIES 1-5 | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Canon Medical Systems USA, Inc., files this Complaint against Defendants, Parkhill Imaging, LLC d/b/a Parkhill Imaging Addison; Parkhill Imaging Clearfork, LLC; Michael J. Biavati; Anthony Riela; Glen R. Wyant; Stan Davis a/k/a Stanley L. Davis; John and Jane Does 1-12; and XYZ Companies 1-5, and in support thereof states the following:

## PARTIES

1. Plaintiff, Canon Medical Systems USA, Inc. is a corporation incorporated in the State of California with a principal place of business located at 1 Canon Park, Melville, New York 11747.

2. Defendant Parkhill Imaging, LLC d/b/a Parkhill Imaging Addison ("Parkhill Addison") is, upon information and belief, a limited liability company formed in the State of Texas with a principal place of business located at 17051 Dallas Pkwy, Addison, Texas 75001.

3. Defendant Parkhill Imaging Clearfork, LLC ("Parkhill Clearfork") is, upon information and belief, a limited liability company formed in the State of Texas with a principal place of business located at 5668 Edwards Ranch Road, Suite 100, Forth Worth, Texas 76109.

4. Defendant Michael J. Biavati ("Biavati") is, upon information and belief, an individual residing at 13230 Cedar Lane, Farmers Branch, Texas 75234.

5. Defendant Anthony Riela ("Riela") is, upon information and belief, an individual residing at 9505 Freeport Drive, Denton, Texas, 76207.

6. Defendant Glen R. Wyant ("Wyant") is, upon information and belief, an individual residing at 4600 Ross Ave #280, Dallas, Texas 75204.

7. Defendant Stan Davis a/k/a Stanley L. Davis ("Davis") is, upon information and belief, an individual who resides at 2145 Portofino Drive, Rockwall, Texas 75032.

8. Defendants John and Jane Does 1-12 are individuals who acquired the assets of or ownership in Parkhill Addison and/or Parkhill Clearfork.

9. XYZ Companies 1-5 is/are entities that received the assets of Defendant Parkhill Imaging, LLC d/b/a Parkhill Imaging Addison and/or Defendant Parkhill Imaging Clearfork, LLC and/or acquired the ownership/stock in Parkhill Addison and/or Parkhill Clearfork.

**JURISDICTION AND VENUE**

10. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332 and pursuant to paragraph fifteen (15) of the forum selection clauses contained in the lease agreements at issue herein. See Exhibits "A" and "B" attached hereto. The parties are citizens of different states and

the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

11. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 and pursuant to the forum selection clauses contained in the lease agreements at issue herein. See Exhibits "A" and "B" at paragraph 15.

## COUNT I
### Breach of Parkhill Addison Lease
### (Parkhill Addison and Guarantors)

12. On or about July 21, 2021, Parkhill Addison entered into a Master Lease Agreement and Schedule (the "Parkhill Addison Lease") with Canon Medical Finance USA, a program of Plaintiff (hereinafter, collectively, "Plaintiff"), pursuant to which Parkhill Addison leased certain equipment (the "Parkhill Addison Equipment"). See a true and correct copy of the Parkhill Addison Lease and all attachments attached hereto collectively as Exhibit "A" and incorporated herein by reference.

13. The Parkhill Addison Equipment was delivered to and accepted by Parkhill Addison, and Parkhill Addison executed a Delivery and Acceptance Certificate certifying that the Parkhill Addison Equipment was received, accepted, installed and in good operating order. See Exhibit "A" at Delivery and Acceptance Certificate.

14. Contemporaneous with the execution of the Parkhill Addison Lease and as an additional inducement for the same, Defendants Biavati, Riela, Wyant and Davis (collectively, "Guarantors") each executed a Blanket Personal Guaranty and Rider (collectively, the "Parkhill Addison Guaranties") unconditionally guaranteeing, inter alia, payment to Plaintiff of any and all monies due and owing under the Parkhill Addison Master Lease and any and all Lease schedules thereto (with a cap on their liability). See a true and correct copy of the Parkhill Addison Guaranties attached collectively hereto as part of Exhibit "A" and incorporated herein by reference.

15. Parkhill Addison and Guarantors agreed to make all payments due under the Parkhill Addison Lease and the terms thereof state that the payment obligation thereunder is absolute and unconditional for the full term of the Parkhill Addison Lease. See Exhibit "A."

16. Notwithstanding, Parkhill Addison and Guarantors have failed to make all monthly payments due which constitutes a default under the Parkhill Addison Lease and, therefore, the total amount due has been accelerated and the amounts owed under the terms and conditions of the Parkhill Addison Lease are as follows:

| | |
|---|---|
| Remaining Balance | $ 880,000.00 |
| Purchase Option Price | $ 101.00 |
| Attorneys' Fees (estimated to date) | $ 2,500.00 |
| **TOTAL DUE TO PLAINTIFF** | **$ 882,601.00** |

17. All credits, if any, to which Parkhill Addison and Guarantors are entitled are set out above.

18. Despite frequent demands, Parkhill Addison and Guarantors have failed, neglected and continue to fail or neglect to pay Plaintiff the sum of $882,601.00 or any part thereof.

19. Based upon the foregoing, Parkhill Addison and Guarantors are in breach of the Parkhill Addison Lease and are liable to Plaintiff in an amount to be determined at trial of not less than $882,601.00.

## COUNT II
### Breach of the First Parkhill Clearfork Lease
### (Parkhill Clearfork and Guarantors)

20. Plaintiff repeats and incorporates herein by reference the allegations in the foregoing paragraphs numbered 1 through 19 with the same force and effect as if set forth herein.

21. On or about September 14, 2021, Parkhill Clearfork entered into a Master Lease

Agreement and Schedule 1 thereto (the "First Parkhill Clearfork Lease") with Plaintiff pursuant to which Parkhill Clearfork leased certain equipment (the "First Parkhill Clearfork Equipment). See a true and correct copy of the First Parkhill Clearfork Lease and all attachments attached hereto collectively as Exhibit "B" and incorporated herein by reference.

22. The First Parkhill Clearfork Equipment was delivered to and accepted by Parkhill Clearfork, and Parkhill Clearfork executed a Delivery and Acceptance Certificate certifying that the First Parkhill Clearfork Equipment was received, accepted, installed and in good operating order. See Exhibit "B" at Delivery and Acceptance Certificate.

23. Contemporaneous with the execution of the First Parkhill Clearfork Lease and as an additional inducement for the same, Guarantors each executed a Blanket Personal Guaranty and Rider (collectively, the "Parkhill Clearfork Guaranties") unconditionally guaranteeing, inter alia, payment to Plaintiff of any and all monies due and owing under the Parkhill Clearfork Master Lease and any and all Lease schedules thereto (with a cap on their liability). See true and correct copies of the Parkhill Clearfork Guarantees attached collectively hereto as a part of Exhibit "B" and incorporated herein by reference.

24. Parkhill Clearfork and Guarantors agreed to make all payments due under the First Parkhill Clearfork Lease and the terms thereof state that the payment obligation thereunder is absolute and unconditional for the full term of the First Parkhill Clearfork Lease. See Exhibit "B."

25. Notwithstanding, Parkhill Clearfork and Guarantors have failed to make all monthly payments due which constitutes a default under the First Parkhill Clearfork Lease and, therefore, the total amount due has been accelerated and the amounts owed under the terms and conditions of the First Parkhill Clearfork Lease are as follows:

|  |  |
|---|---|
| Remaining Balance | $ 16,388.26 |
| Purchase Option Price | $      101.00 |
| Property Tax | $      464.38 |
| Late Charges | $        52.82 |
| Attorneys' Fees (estimated to date) | $   2,500.00 |
| **TOTAL DUE TO PLAINTIFF** | **$ 19,506.46** |

26. All credits, if any, to which Parkhill Clearfork and Guarantors are entitled are set out above.

27. Despite frequent demands, Parkhill Clearfork and Guarantors have failed, neglected and continue to fail or neglect to pay Plaintiff the sum of $19,506.46 or any part thereof.

28. Based upon the foregoing, Parkhill Clearfork and Guarantors are in breach of the Parkhill Addison Lease and are liable to Plaintiff in an amount to be determined at trial of not less than $19,506.46.

## COUNT III
### Breach of Second Parkhill Clearfork Lease
### (Parkhill Clearfork and Guarantors)

29. Plaintiff repeats and incorporates herein by reference the allegations in the foregoing paragraphs numbered 1 through 28 with the same force and effect as if set forth herein.

30. On or about October 6, 2021, Parkhill Clearfork entered into Schedule 2 to the Master Lease Agreement (the "Second Parkhill Clearfork Lease") with Plaintiff pursuant to which Parkhill Clearfork leased certain equipment (the "Second Parkhill Clearfork Equipment). See a true and correct copy of the Second Parkhill Clearfork Lease attached hereto as Exhibit "C" and incorporated herein by reference.

31. The Second Parkhill Clearfork Equipment was delivered to and accepted by Parkhill Clearfork, and Parkhill Clearfork executed a Delivery and Acceptance Certificate

certifying that the Second Parkhill Clearfork Equipment was received, accepted, installed and in good operating order. See Exhibit "C" at Delivery and Acceptance Certificate.

32. Parkhill Clearfork and Guarantors agreed to make all payments due under the Second Parkhill Clearfork Lease and the terms thereof state that the payment obligation thereunder is absolute and unconditional for the full term of the Second Parkhill Clearfork Lease. See Exhibits "B" and "C."

33. Notwithstanding, Parkhill Clearfork and Guarantors have failed to make all monthly payments due which constitutes a default under the Second Parkhill Clearfork Lease and, therefore, the total amount due has been accelerated and the amounts owed under the terms and conditions of the Second Parkhill Clearfork Lease are as follows:

| | |
|---|---|
| Remaining Balance | $ 297,986.40 |
| Purchase Option Price | $ 101.00 |
| Property Tax | $ 7,782.32 |
| Late Charges | $ 5,520.48 |
| **TOTAL DUE TO PLAINTIFF** | **$ 311,390.20** |

34. All credits, if any, to which Parkhill Clearfork and Guarantors are entitled are set out above.

35. Despite frequent demands, Parkhill Clearfork and Guarantors have failed, neglected and continue to fail or neglect to pay Plaintiff the sum of $311,390.20 or any part thereof.

36. Based upon the foregoing, Parkhill Clearfork and Guarantors are in breach of the Parkhill Addison Lease and are liable to Plaintiff in an amount to be determined at trial of not less than $311,390.20.

## COUNT IV
### Breach of Parkhill Clearfork Third Lease
### (Parkhill Clearfork and Guarantors)

37. Plaintiff repeats and incorporates herein by reference the allegations in the foregoing paragraphs numbered 1 through 36 with the same force and effect as if set forth herein.

38. On or about October 26, 2021, Parkhill Clearfork entered into Schedule 3 to the Master Lease Agreement (the "Third Parkhill Clearfork Lease") with Plaintiff pursuant to which Parkhill Clearfork leased certain equipment (the "Third Parkhill Clearfork Equipment). See a true and correct copy of the Third Parkhill Clearfork Lease attached hereto as Exhibit "D" and incorporated herein by reference.

39. The Third Parkhill Clearfork Equipment was delivered to and accepted by Parkhill Clearfork, and Parkhill Clearfork executed a Delivery and Acceptance Certificate certifying that the Third Parkhill Clearfork Equipment was received, accepted, installed and in good operating order. See Exhibit "D" at Delivery and Acceptance Certificate.

40. Parkhill Clearfork and the Guarantors agreed to make all payments due under the Third Parkhill Clearfork Lease and the terms thereof state that the payment obligation thereunder is absolute and unconditional for the full term of the Third Parkhill Clearfork Lease. See Exhibits "B" and "D."

41. Notwithstanding, Parkhill Clearfork and Guarantors have failed to make all monthly payments due which constitutes a default under the Third Parkhill Clearfork Lease and, therefore, the total amount due has been accelerated and the amounts owed under the terms and conditions of the Third Parkhill Clearfork Lease are as follows:

| | |
|---|---|
| Remaining Balance | $ 65,377.14 |
| Purchase Option Price | $     101.00 |

|  |  |
|---|---|
| Property Tax | $ 1,677.49 |
| Late Charges | $ 1,109.50 |
| **TOTAL DUE TO PLAINTIFF** | **$ 68,265.13** |

42. All credits, if any, to which Parkhill Clearfork and Guarantors are entitled are set out above.

43. Despite frequent demands, Parkhill Clearfork and Guarantors have failed, neglected and continue to fail or neglect to pay Plaintiff the sum of $68,265.13 or any part thereof.

44. Based upon the foregoing, Parkhill Clearfork and Guarantors are in breach of the Parkhill Addison Lease and are liable to Plaintiff in an amount to be determined at trial of not less than $68,265.13.

<u>**COUNT V**</u>
**Breach of Parkhill Clearfork Fourth Lease**
**(Parkhill Clearfork and Guarantors)**

45. Plaintiff repeats and incorporates herein by reference the allegations in the foregoing paragraphs numbered 1 through 44 with the same force and effect as if set forth herein.

46. On or about November 16, 2021, Parkhill Clearfork entered into Schedule 4 to the Master Lease Agreement (the "Fourth Parkhill Clearfork Lease") with Plaintiff pursuant to which Parkhill Clearfork leased certain equipment (the "Fourth Parkhill Clearfork Equipment). <u>See</u> a true and correct copy of the Fourth Parkhill Clearfork Lease attached hereto as Exhibit "E" and incorporated herein by reference.

47. The Fourth Parkhill Clearfork Equipment was delivered to and accepted by Parkhill Clearfork, and Parkhill Clearfork executed a Delivery and Acceptance Certificate certifying that the Fourth Parkhill Clearfork Equipment was received, accepted, installed and in good operating order. <u>See</u> Exhibit "E" at Delivery and Acceptance Certificate.

48. Parkhill Clearfork and Guarantors agreed to make all payments due under the

9

Fourth Parkhill Clearfork Lease and the terms thereof state that the payment obligation thereunder is absolute and unconditional for the full term of the Fourth Parkhill Clearfork Lease. <u>See</u> Exhibits "B" and "E."

49. Notwithstanding, Parkhill Clearfork and Guarantors have failed to make all monthly payments due which constitutes a default under the Fourth Parkhill Clearfork Lease and, therefore, the total amount due has been accelerated and the amounts owed under the terms and conditions of the Fourth Parkhill Clearfork Lease are as follows:

| | |
|---|---|
| Remaining Balance | $ 3,645,117.45 |
| Purchase Option Price | $ 101.00 |
| Property Tax | $ 61,502.06 |
| Late Charges | $ 8,460.18 |
| **TOTAL DUE TO PLAINTIFF** | **$ 3,715,180.69** |

50. All credits, if any, to which Parkhill Clearfork and Guarantors are entitled are set out above.

51. Despite frequent demands, Parkhill Clearfork and Guarantors have failed, neglected and continue to fail or neglect to pay Plaintiff the sum of $3,715,180.69 or any part thereof.

52. Based upon the foregoing, Parkhill Clearfork and Guarantors are in breach of the Parkhill Addison Lease and are liable to Plaintiff in an amount to be determined at trial of not less than $3,715,180.69.

## COUNT VI
**Breach of Guaranties**
**(Guarantors)**

53. Plaintiff repeats and incorporates herein by reference the allegations in the foregoing paragraphs numbered 1 through 52 with the same force and effect as if set forth herein.

54. Guarantors' failure to make the payments due to Plaintiff constitutes a breach of the Parkhill Addison Lease, the First, Second, Third, and Fourth Parkhill Clearfork Leases, the Parkhill Addison Guaranties, and the Parkhill Clearfork Guaranties (collectively, the "Leases" and the "Guaranties," respectively).

55. Pursuant to the Rider attached to the Guaranties, the liability of each Guarantor is 25% of all monies owed under the Leases and Guaranties.

56. The total amount owed to Plaintiff under the Leases is $4,996,943.48.

57. Therefore, each Guarantor is liable to Plaintiff in the amount of $1,249,235.87.

58. Based upon the foregoing, Defendant Michael Biavati is in breach of the Guaranty and is liable to Plaintiff in an amount to be determined at trial of not less than $1,249,235.87.

59. Based upon the foregoing, Defendant Anthony Riela is in breach of the Guaranty and is liable to Plaintiff in an amount to be determined at trial of not less than $1,249,235.87.

60. Based upon the foregoing, Defendant Glen R. Wyant is in breach of the Guaranty and is liable to Plaintiff in an amount to be determined at trial of not less than $1,249,235.87.

61. Based upon the foregoing, Defendant Stan Davis is in breach of the Guaranty and is liable to Plaintiff in an amount to be determined at trial of not less than $1,249,235.87.

## COUNT VII
### Tortious Interference with Contract
### (John and Jane Does and XYZ Companies)

62. Plaintiff repeats and incorporates herein by reference the allegations in the foregoing paragraphs numbered 1 through 61 with the same force and effect as if set forth herein.

63. Upon information and belief and based on information provided by the other Defendants herein, Parkhill Addison and Parkhill Clearfork were sold to a third party(s) in connection with which such third party(s) interfered with the Leases and Guaranties and/or

otherwise caused the other Defendants to stop making payments thereunder to the detriment of Plaintiff.

64. In light of the same, these third parties – John and Jane Does and XYZ Companies are liable to Plaintiff for tortious interference with contract.

65. Based upon the foregoing, Defendants John and Jane Does and XYZ Companies are liable to Plaintiff in an amount to be determined at trial of not less than $4,996,943.48.

## COUNT VIII
### Unjust Enrichment/Quantum Meruit
### (All Defendants)

66. Plaintiff repeats and incorporates herein by reference the allegations in the foregoing paragraphs numbered 1 through 65 with the same force and effect as if set forth herein.

67. To the extent that Defendants have benefited from the services of Plaintiff without having paid for them, Defendants have become unjustly enriched at Plaintiff's expense.

68. Based upon the foregoing, Defendants are liable to Plaintiff in an amount to be determined at trial of not less than $4,996,943.48.

## COUNT IX
### Successor Liability
### (John and Jane Does and XYZ Companies)

69. Plaintiff repeats and incorporates herein by reference the allegations in the foregoing paragraphs numbered 1 through 68 with the same force and effect as if set forth herein.

70. Parkhill Addison and Parkhill Clearfork and/or their principals transferred or distributed ownership of, or the assets of, Parkhill Addison and Parkhill Clearfork to John and Jane Does 1-12 and/or XYZ Companies 1-5 wherein John and Jane Does 1-12 and/or XYZ Companies 1-5 succeeded to Parkhill Addison and Parkhill Clearfork's business.

71. Therefore, John and Jane Does 1-12, and/or XYZ Companies 1-5, are the

successors to Parkhill Addison and Parkhill Clearfork and are liable for their debts including, but not limited to, the amounts owed under the Leases and Guaranties.

72. Based upon the foregoing, Defendants John and Jane Does and XYZ Companies are liable to Plaintiff in an amount to be determined at trial of not less than $4,996,943.48.

**WHEREFORE**, Plaintiff, Canon Medical Systems USA, Inc., respectfully requests that this Honorable Court enter judgment in its favor:

a. On Count 1 against Defendant Parkhill Imaging, LLC d/b/a Parkhill Imaging Addison, Michael J. Biavati; Anthony Riela; Glen R. Wyant; and Stan Davis a/k/a Stanley L. Davis in the amount of $882,601.00 pursuant to the Parkhill Addison Lease,

b. On Count II against Defendants, Parkhill Imaging Clearfork, LLC, Michael J. Biavati; Anthony Riela; Glen R. Wyant; and Stan Davis a/k/a Stanley L. Davis in the amount of $19,506.46 pursuant to the First Parkhill Clearfork Lease and Guaranties;

c. On Count III against Defendants, Parkhill Imaging Clearfork, LLC, Michael J. Biavati; Anthony Riela; Glen R. Wyant; and Stan Davis a/k/a Stanley L. Davis in the amount of $311,390.20 pursuant to the Second Parkhill Clearfork Lease and Guaranties;

d. On Count IV against Defendants, Parkhill Imaging Clearfork, LLC, Michael J. Biavati; Anthony Riela; Glen R. Wyant; and Stan Davis a/k/a Stanley L. Davis in the amount of $68,265.13 pursuant to the Third Parkhill Clearfork Lease and Guaranties;

e. On Count V against Defendants, Parkhill Imaging Clearfork, LLC, Michael J. Biavati; Anthony Riela; Glen R. Wyant; and Stan Davis a/k/a Stanley L. Davis in the amount of $3,715,180.69 pursuant to the Fourth Parkhill Clearfork Lease and Guaranties;

f. On Count VI against each of the Guarantor Defendants, Michael Biavati, Anthony Riela, Glen R. Wyant and Stan Davis, in the amount of $1,249,235.87 each pursuant to the

Leases and Guaranties;

g. On Count VII against Defendants John and Jane Does 1-12 and XYZ Companies 1-5, jointly, severally and collectively in an amount to be determined at trial of not less than $4,996,943.48;

h. On Count VIII against Defendants, Parkhill Imaging, LLC d/b/a Parkhill Imaging Addison, Parkhill Imaging Clearfork, LLC, Michael Biavati, Anthony Riela, Glen R. Wyant, Stan Davis, John and Jane Does 1-12 and XYZ Companies 1-5 in an amount to be determine at trial but not less than $4,996,943.48 pursuant to the Leases and Guaranties;

i. On Count IX against Defendants John and Jane Does 1-12 and XYZ Companies 1-5, jointly, severally and collectively, in an amount to be determined at trial but not less than $4,996,943.48;

j. Plus prejudgment and post-judgment interest, attorneys' fees, late fees and the costs of suit; and

k. Grant such other and further relief as this Court deems just, proper and appropriate under law and equity.

Dated: Brooklyn, New York
March 11, 2024

Respectfully submitted,

By: _____
Bruno F. Codispoti, Esq.
**CODISPOTI & ASSOCIATES, P.C.**
81 Court Street, 5th Floor
Brooklyn, NY 11201
212-962-6525 (Phone)
212-962-6791 (Fax)
bruno@codispotilaw.com